UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEONARDO ESPARZA, on Behalf of Himself and on Behalf of All Others Similarly Situated<br><br>　　Plaintiff,<br><br>V.<br><br>ARANDAS FRANCHISES INC. and ARANDAS BAKERY NO. 4, INC.,<br><br>　　Defendants. | CIVIL ACTION NO.  4:17-cv-2584<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

### I.    SUMMARY

1.    Plaintiff Leonard Esparza (hereinafter "Plaintiff") brings this lawsuit as a collective action against Defendants Arandas Franchises Inc. and Arandas Bakery No. 4, Inc. ("Defendants") for violating the Fair Labor Standards Act ("FLSA").  Plaintiff seeks to represent all similarly situated workers who were subject to the same illegal pay practices as Plaintiff.

2.    Defendants operate a chain of bakeries and systematically, through uniform corporate policies, fail to pay their hourly employees for all hours worked.

3.    Defendants' compensation policies violate the FLSA which requires non-exempt employees, such as Plaintiff and the Class Members, be compensated at the minimum wage and at one and one-half times their hourly rate of pay for all hours worked over forty (40) in a workweek. Defendants owe its employees back pay, liquidated damages, attorneys' fees and court costs.

4.    Defendants implemented the same pay policies for dozens of other workers. Therefore, Plaintiff sues on behalf of himself and all other similarly situated employees pursuant

1

to 29 U.S.C. § 216(b). He requests that the court authorize a notice to be sent to all similarly situated employees so that they can be informed of this action and to apprise them of their right to join this lawsuit.

## II.    SUBJECT MATTER JURISDICTION AND VENUE

5. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events forming the basis of this action, including many of the wrongs herein alleged occurred in this District.

7. Defendants' corporate office is in this District.

## III.   PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Leonardo Esparza is an individual currently residing in Harris County, Texas. His written consent to this action is attached hereto as Exhibit "A."

9. The Class Members are all of Defendants' current and former hourly employees who worked during any week in the three-year period prior to the filing of this lawsuit.

10. Defendant Arandas Franchise Inc. is a corporation organized under the laws of Texas. Defendant may be served process through its director Silvia L. Camarena, 8904 Memorial Drive, Houston, Texas 77024.

11. Defendant Arandas Bakery No. 4, Inc., is a corporation organized under the laws of Texas. Defendant may be served process through its registered agent Silvia L. Camerena, 8904 Memorial Drive, Houston, Texas 77024.

12. Defendants do business throughout Texas, including this District.

## IV.     FLSA COVERAGE

13.     In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that Plaintiff was engaged in commerce or employed by an enterprise engaged in commerce; (3) that Defendant failed to pay Plaintiff overtime/minimum wage; and (4) that Plaintiff is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C., Civil Action No*. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

14.     At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA of both Plaintiff and the Class Members. 29 U.S.C. § 203(d).

15.     "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979)).

16.     "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex., 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v.*

*Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection."*).

17. Both the individual and enterprise coverage are applicable in this case.

18. First, with regards to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. § 207(a)(1). "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a 'practical test.'" *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 (E.D.Tex., 2011) (*citing Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007)). "Any regular contact, no matter how minimum, will result in coverage under the FLSA. *Id*. (*citing Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1124 (5th Cir. 1979)); (*See also*, *Sobrinio,* 474 F.3d at 829). "The employee's work must be "entwined with the continuous stream of interstate commerce.'" *Id*. (citing *Marshall,* 603 F.2d at 1125). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id*. (*citing,* 29 C.F.R. 776.10(b)).

19. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

20. Here, Defendants employed Plaintiff and the Class Members as restaurant and bakery employees. Plaintiff's and the Class Members' regular job duties consisted of serving customers and making foods using ingredients and equipment that moved through interstate commerce.

21. Second, with regards to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2)

4

have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle,* 2011 WL 2728350, *3, *(citing,* 29 U.S.C. § 203(s)(1)(A)).

22. Here, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory minimum.

23. In addition to Plaintiffs, Defendants have employed numerous other employees, who like Plaintiffs, are employees engaged in interstate commerce. Further, Defendants themselves engaged in interstate commerce because they order supplies across state lines, conduct business deals with merchants across state lines, advertise on the internet with companies based in other states, process customers' credit cards with banks in other states, and sell goods that moved across state lines.

24. For all intents and purposes, Arandas Franchises Inc. and Arandas Bakery No. 4, Inc. are the same company. Both Defendants share the same officers and directors, both share the same employees, both represent themselves to the world as one company through a common webpage.

25. Arandas Franchises Inc. and Arandas Bakery No. 4 are joint employers of the Plaintiff.

26. Arandas Franchises Inc. and Arandas Bakery No. 4 are joint employers of the Class Members as defined herein.

## V. FACTS

27. Defendants operate a chain of five bakeries in the Houston area.

28. At these bakeries, Defendants employee a number of hourly paid employees, such as Plaintiff Esparza.

29. Plaintiff Esparza worked for Defendants within the last three years as a baker at the "59 Norte" location located on 11919 Eastex Freeway.

30. Plaintiff's primary duties involved cooking pastries, cleaning the kitchen, and selling baked goods to Defendants' customers.

31. Plaintiff's hourly rate for Defendants was the bare minimum wage of $7.25 an hour.

32. Defendants deliberately fail to pay Plaintiff and other hourly employees for all the hours they work. As a result, Defendants fail to pay both the minimum wage and overtime.

33. At all of their bakeries, Defendants use electronic records to log clock in and clock out times for their hourly employees.

34. However, when paying the hours worked by their hourly employees, Defendants alter the time records to pay for fewer hours than were actually worked.

35. For example, the follow represents the number of hours worked by Plaintiff during the week of February 27, 2017 to March 5, 2017:

```
                          Date/Time Out
Mon Feb 27 2017 04:14:40 PM                                    Hours
Tue Feb 28 2017 04:24:46 PM   Mon Feb 27 2017 10:38:55 PM      6.40
Wed Mar 01 2017 04:11:43 PM   Tue Feb 28 2017 10:09:42 PM      5.75
Thu Mar 02 2017 04:14:06 PM   Wed Mar 01 2017 05:49:25 PM      1.63
Fri Mar         4:06:38 PM    Thu Mar 02 2017 10:30:55 PM      6.28
Sat Mar 04 2017 09:52:55 AM   Fri Mar 03 2017 10:15:49 PM      6.15
Sat Mar 04 2017 05:37:50 PM   Sat Mar 04 2017 05:18:24 PM      7.42
Sun Mar 05 2017 09:56:05 AM   Sat Mar 04 2017 10:19:10 PM      4.69
Sun Mar 05 2017 02:10:05 PM   Sun Mar 05 2017 01:33:57 PM      3.63
                              Sun Mar 05 2017 10:00:35 PM      7.84 (HH)

Summary Information For :  Leonardo jr Esparza
Total Work Time:           49.80
Total Holidays:             0.00
```

36. As this record makes clear, during this week, Plaintiff worked 49.80 hours, which should have equated into 40 regular hours and 9.8 overtime hours on his weekly pay check. However, he was not paid in that manner, as the pay check for that week demonstrates:

| Employee | | | | | SSN | Status (Fed/State) |
|---|---|---|---|---|---|---|
| LEONARDO J. ESPARZA, | | | | | | Single/(none) |
| | | | | | | Pay Period: 02/27/2017 - 03/05/2017 |
| Earnings and Hours | Qty | Rate | Current | YTD Amount | | |
| Hourly Rate | 40.00 | 7.25 | 290.00 | 2,900.00 | | |
| Overtime Hourly Rate | 6.50 | 10.88 | 70.72 | 1,398.08 | | |
| Bonus | | | 0.00 | 390.00 | | |
| | 46.50 | | 360.72 | 4,688.08 | | |
| Taxes | | | Current | YTD Amount | | |
| Medicare Employee Addl Tax | | | 0.00 | | | |
| Federal Withholding | | | -39.00 | -539.00 | | |
| Social Security Employee | | | -22.36 | -290.66 | | |
| Medicare Employee | | | -5.23 | -67.98 | | |
| | | | -66.59 | -897.64 | | |
| Net Pay | | | 294.13 | 3,790.44 | | |

37. In this period, instead of being paid for the 49.8 hours he worked, Defendants only paid Plaintiff for 46.50 hours.

38. By deducting hours from the pay of an employee already paid the bare minimum wage, Defendants' failed to pay the minimum wage.

39. Defendants utilized this same time shaving scheme in virtually every pay period Plaintiff worked.

40. Defendants also utilized this same time shaving scheme for the other hourly employees across their enterprise.

41. The violation here is straightforward—Defendants just do not pay their employees for all the hours they work. The effect of this is the non-payment of the minimum wage and overtime.

42. Defendants have been sued for violating the FLSA before. *See Hernandez v. Arandas Bakery No. 3 Inc.*, Case No. 4:11-cv-0364 (S.D. Tex.). Accordingly, Defendants should be aware of the FLSA and its protections.

43. Defendants knew it was required to pay for all the hours its employees worked yet deliberately and intentionally or with reckless disregard for the law, ignored the requirement to pay overtime.

## VI.   COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all hourly employees employed by Defendants during any work week in the last three years.

45. Plaintiff has actual knowledge, through his own work experience and through interaction with his employees that a class of similarly situated workers exist who have been subjected to Defendants' policy of failing to pay for all hours worked.

46. Class Members are similarly situated to Plaintiff in that, at least during one work week in the relevant period, they worked overtime hours for Defendants without additional compensation being paid as required under the FLSA or were not paid the minimum wage because they were not paid for all of their hours.

47. Defendants' failure to pay overtime or the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on personal circumstances of individual Class Members.

48. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other hourly paid workers across Defendants' business.

49. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

50. Like Plaintiff, all Class Members are non-exempt workers entitled to receive overtime and the minimum wage.

51. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

52. The names and addresses of the Class Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail, email, a court authorized website or by the use of techniques and a form of notice similar to those customarily used in representative actions.

53. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

54. The class of similarly situated employees is properly defined as follows:

**The Class Members are all hourly employees employed by Defendants during any work week during the three years prior to the initiation of this lawsuit.**

### VII.  CAUSE OF ACTION

**COUNT ONE**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**
**(COLLECTIVE ACTION)**

55. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

56. This cause of action arises from Defendants' violation of the FLSA for the failure to pay Plaintiff and Class Members overtime.

57. For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rate of pay. 29 U.S.C. § 207.

9

58. By failing to pay overtime based on that formula, Defendants have violated and continues to violate the FLSA.

59. No exception contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in the position of Defendants to skirt its obligation to pay overtime to an employee similarly situated in the position of Plaintiff and Class Members.

60. Defendants' failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

**COUNT TWO**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**
**(COLLECTIVE ACTION)**

61. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

62. At all times relevant to this action, the FLSA required Defendants to pay at least $7.25 an hour for every hour its worked. 29 U.S.C. § 206(a).

63. As described herein, Defendants failed to pay Plaintiff and the Class Members the minimum wage for all hours worked.

64. Defendants' failure to pay the minimum wage to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## VIII. <u>WAGE DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)</u>

65. Plaintiff and Class Members are entitled to recover their unpaid overtime premiums and unpaid minimum wage compensation for the three years preceding the filing of this complaint to the present.

66. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums and unpaid minimum wage compensation as liquidated damages.

67. Plaintiff is also entitled to recover his attorneys' fees and costs, as required by the FLSA.

## IX. <u>JURY DEMAND</u>

68. Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## X. <u>PRAYER FOR RELIEF</u>

69. For these reasons, Plaintiff respectfully request that judgment be entered in favor of himself and the Class Members, awarding them:

   a. Overtime compensation for all hours worked in excess of forty (40) hours per week at the rate of one and one-half times their regular rates of pay;

   b. Unpaid minimum wages;

   c. An equal amount of their unpaid overtime premiums and unpaid minimum wages as liquidated damages, as allowed under the FLSA;

   d. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

   e. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

11

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8812

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8830
Facsimile: (281) 885-8812